| | |
|---|---|
| **UNITED STATES DISTRICT COURT**<br>**SOUTHERN DISTRICT OF NEW YORK**<br>-----------------------------------------------------------x<br>TYREFE KELLY,<br><br>                                                            Plaintiff,<br><br>                    -against-<br><br><br>THE CITY OF NEW YORK, NEW YORK CITY DEPARTMENT OF CORRECTIONS, NEW YORK POLICE DEPARTMENT, JOHN DOES #1-5, JANE DOES #1-5<br><br>                                                     Defendant(s).<br>-----------------------------------------------------------x | **COMPLAINT**<br><br>**Civil Action No.:** |

Plaintiff, TYREFE KELLY, by his attorney, EZRA B. GLASER, Esq., complaining of the Defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1. This is a civil rights action brought pursuant to 42 U.S.C. § 1983 to redress the deprivation of Plaintiff's rights under the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

2. Plaintiff seeks monetary damages, injunctive relief, declaratory relief, attorneys' fees, and costs against Defendants for their unlawful actions under color of state law.  As a result of the foregoing, Plaintiff seeks compensatory damages in the amount of $12,000,000 for the sustained loss of freedom, liberty, enjoyment of life, wrongful imprisonment, due process violations, cruel and unusual punishment, assault, battery, fear of impending death, and loss of dignity.

1

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 (federal question) and 1343(a)(3) (civil rights cases).

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) as the events giving rise to this Complaint occurred in this district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. Plaintiff has exhausted all available administrative remedies, or in the alternative, administrative remedies were unavailable due to Defendants' failure to provide adequate processes or responses to Plaintiff's grievances.

6. A timely Notice of Claim was filed with respect to the incidents and prosecutions at issue with the City of New York.

## PARTIES

7. Plaintiff, TYREFE KELLY, is an individual who, at all relevant times herein resided at Rikers Island Correctional Facility, located at 15 Hazen Street, East Elmhurst, New York 11370.

8. Defendant, The City of New York, is a municipal corporation organized under the laws of the State of New York, which manages and operates Rikers Island Correctional Center and employs its personnel.

9. Defendant, New York City DEPARTMENT OF CORRECTIONS (DOC), is a department within the City of New York responsible for the custody and care of detainees.

10. Defendant, New York Police Department (NYPD), is a department within the City of New York responsible for law enforcement.

11. Defendants John/Jane Does are individuals employed by the City of New York, the DOC, or the NYPD who participated in the violations of Plaintiff's rights.

## FACTUAL ALLEGATIONS

12. On or about January 7–13, 2022, Plaintiff Tyrefe Kelly was a pretrial detainee at Rikers Island Correctional Center, located at 15 Hazen Street, East Elmhurst, New York 11370. Plaintiff was improperly confined, subjected to retaliation, misclassification as a gang member, and malicious exposure to harm by corrections officers. During this time, with Defendants failing to protect him or intercede on his behalf, Plaintiff was subjected to a multi-day assault, wherein he was violently attacked and beaten multiple times by inmates armed with scalpel-like instruments.

13. These assaults occurred due to Defendants' failure to supervise inmates, prevent weapons from circulating, and provide adequate security. The attacks resulted in Plaintiff sustaining severe injuries including a ruptured scrotum, fractured rib, punctured lung, left hand fractures, spinal injury, nerve damage, vision impairment and PTSD.

14. During the course of Plaintiff TYREFE KELLY'S pretrial detention, the Plaintiff and other inmates were left largely unattended by correctional staff, with no officers present on the floor, despite rules, regulations, security designations and an extensive prior history of violence among the inmates.

15. Defendants John Does #1-5 and Jane Does #1-5 were charged supervising inmates, providing security for inmates and Corrections Officers throughout the Riker's Island

Correctional facility, supervising inmates' transportation to the jail infirmary, preventing inmate violence, and other standard duties charged to Corrections Officers.

16. Defendants failed to supervise inmates or prevent weapons, such as scalpels, from circulating in the facility.

17. Defendants were aware of ongoing safety risks at Riker's Island but failed to take corrective action, despite an extensive history of complaints and incidents.

18. The individual Defendants' actions were contributed to by the conduct supervisors and policymakers who condoned and facilitated the use of these unconstitutional techniques.

19. As a result of Defendants' deliberate indifference and failure to intercede, Plaintiff has suffered permanent physical injuries, emotional trauma, loss of liberty, and a diminished quality of life. Plaintiff suffered additional severe and permanent injuries, including ruptured scrotum/testicular injury, fractured rib, punctured lung/pneumothorax, left hand fractures, left arm, chest, face, nerve damage, C-spine, left foot, left humerus, right eye injury with vision impairment and hemorrhage, traumatic lens displacement, and PTSD.

## FIRST CAUSE OF ACTION

**DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS**
**(U.S.C. § 1983 – EIGHTH AND FOURTEENTH AMENDMENTS)**

20. Paragraphs 1 through 19 are hereby realleged and reincorporated as if fully set forth herein.

21. Defendants, acting under color of state law, denied Plaintiff access to necessary medical care, violating his rights under the Eighth and Fourteenth Amendments.

22. Defendants' actions and omissions were deliberate, reckless, and malicious, causing harm to Plaintiff's health and safety.

## SECOND CAUSE OF ACTION

### FAILURE TO PROTECT
### (42 U.S.C. § 1983 – EIGHTH AND FOURTEENTH AMENDMENTS)

23. Paragraphs 1 through 22 are hereby realleged and reincorporated as if fully set forth herein.

24. Defendants failed to protect Plaintiff from a foreseeable attack by other inmates, resulting in serious injuries.  Plaintiff suffered additional severe and permanent injuries, including ruptured scrotum/testicular injury, fractured rib, punctured lung/pneumothorax, left hand fractures, left arm, chest, face, nerve damage, C-spine, left foot, left humerus, right eye injury with vision impairment and hemorrhage, traumatic lens displacement, and PTSD.

25. Defendants' actions constituted deliberate indifference to Plaintiff's safety in violation of the Eighth and Fourteenth Amendments.

## THIRD CAUSE OF ACTION

### MONELL LIABILITY (42 U.S.C. § 1983)

26. Paragraphs 1 through 25 are hereby realleged and reincorporated as if fully set forth herein.

27. The constitutional violations suffered by Plaintiff resulted from the City of New York's policies, practices, and customs, including but not limited to:

    a. Failure to adequately train and supervise corrections officers.

    b. Failure to prevent inmate violence and weapons circulation.

    c. Deliberate indifference to detainee medical needs.

28. Defendants' acts and omissions directly and proximately caused Plaintiff's injuries. Plaintiff suffered additional severe and permanent injuries, including ruptured scrotum/testicular injury, fractured rib, punctured lung/pneumothorax, left hand fractures, left arm, chest, face, nerve damage, C-spine, left foot, left humerus, right eye injury with vision impairment and hemorrhage, traumatic lens displacement, and PTSD.

## FOURTH CAUSE OF ACTION

## NEGLIGENT HIRING AND SUPERVISION (STATE LAW CLAIM)

29. Paragraphs 1 through 28 are hereby realleged and reincorporated as if fully set forth herein.

30. Defendants, including the City of New York, had a duty to hire, train, and supervise their employees, including correctional officers and other staff at Rikers Island, to ensure the safety and welfare of detainees, including Plaintiff.

31. Defendants knew or should have known that their employees lacked the necessary training, supervision, or qualifications to perform their duties in a safe and lawful manner.

32. Despite this knowledge, Defendants negligently hired, retained, and failed to adequately train and supervise their employees, allowing them to engage in conduct that posed a substantial risk of harm to detainees, including Plaintiff.

33. Defendants' negligence created an environment in which Plaintiff was denied necessary medical care, subjected to unsafe and unsupervised conditions, and attacked by other inmates.

34. As a direct and proximate result of Defendants' negligent hiring, training, and supervision, Plaintiff suffered severe physical injuries, emotional trauma, and other damages. Plaintiff suffered additional severe and permanent injuries, including ruptured scrotum/testicular injury, fractured rib, punctured lung/pneumothorax, left hand fractures, left arm, chest, face, nerve damage, C-spine, left foot, left humerus, right eye injury with vision impairment and hemorrhage, traumatic lens displacement, and PTSD.

35. As a result of the foregoing, Plaintiff seeks compensatory damages in the amount of $12,000,000 for the sustained loss of freedom, liberty, enjoyment of life, wrongful imprisonment, due process violations, cruel and unusual punishment, assault, battery, fear of impending death, and loss of dignity.

36. Defendants' negligent actions and omissions were the result of reckless disregard for Plaintiff's safety and welfare, entitling Plaintiff to recover damages under New York State law.

37. As a result of the foregoing, Plaintiff seeks compensatory damages in the amount of $12,000,000 for the sustained loss of freedom, liberty, enjoyment of life, wrongful imprisonment, due process violations, cruel and unusual punishment, assault, battery, fear of impending death, and loss of dignity.

## FIFTH CAUSE OF ACTION

**INTENTIONAL INFLICTION OF EMOTIONAL HARM AND/OR DISTRESS**

38. Paragraphs 1 through 37 are hereby realleged and reincorporated as if fully set forth herein.

39. Courts have held that continuous and coercive harassment *can* establish an IIED cause of action. *Alexander v. Unification Church of America,* 634 F.2d 673, 678–679 (2d Cir.1980) (filing of harassing lawsuits, constant surveillance, patrolling of Plaintiff' homes);*Green v. Fischbein Olivieri Rozenholc & Badillo,* 119 A.D.2d 345, 507 N.Y.S.2d 148 (1st Dep't 1986) (baseless eviction proceedings against plaintiff-tenant by landlord, disruption in services, deterioration of living conditions, interference with mails, verbal abuse of plaintiff and his guests). *But see, Gay v. Carlson,* 60 F.3d 83, 89 (2d Cir.1995) (finding plaintiff had not established an IIED claim where "[a]ll that plaintiff alleges that any of the defendants has done is lodge official complaints about plaintiff's conduct or discuss the basis of those complaints with others.").

40. Because many of these "last actionable acts" occurred within the statute of limitations period, the action is not time-barred. *Cf. Leonhard v. United States,* 633 F.2d at 613 (holding that under general principles of New York law, the statute of limitations " 'runs from the commission of the last wrongful act.' ")(citations omitted).

41. Hon. Denise L. Cote of this district recently reached a similar conclusion on this issue. *Bonner v. Guccione,* 94 Civ. 7735, slip. op. at 7–15, 1996 WL 22355 (S.D.N.Y. January 17, 1996)(holding where last act of an uninterrupted course of actionable conduct falls within statute of limitations, plaintiff permitted to assert IIED claim for entire course of conduct, even those acts beyond the statute of limitations). *Cf. Leonhard v. United States,* 633 F.2d at 613 (holding that

under New York law where certain continuous wrongs are alleged, the last wrongful act triggers the statute of limitations).

42. Under the color of state law, Defendants intentionally caused continuous emotional distress and damage to Plaintiff. The acts and conduct of Defendants were the direct and proximate cause of continuous emotional distress, emotional injury to Plaintiff and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

43. Upon information and belief, Defendants committed multiple acts against Plaintiff, which invaded his interests and inflicted injuries upon his throughout all stages of investigation, the continuous detention and the hearings, and trials, which cumulatively amounted to intentional infliction of emotional harm and/or distress.

44. The emotional harm and/or distress continues to present day.

45. As a result of the foregoing, Plaintiff was deprived of liberty, suffered specific physical injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

## FIFTH CAUSE OF ACTION
## VIOLATION OF SUBSTANTIVE DUE PROCESS

46. Paragraphs 1 through 45 are hereby realleged and reincorporated as if fully set forth herein.

47. Defendants, individually and collectively are liable pursuant to 42 U.S.C. § 1983 for abuses against Plaintiff that shock the conscience in violation of the Fourteenth Amendment to the United States Constitution.

48. Defendants, individually and collectively are liable for abuses against Plaintiff that shock the conscience in violation of Article 1, § 5 of the New York State Constitution.

49. Defendants, individually and collectively are liable for abuses against Plaintiff that shock the conscience in violation of New York law, rules and regulations.

50. The individual defendants issued legal process to place Mr. Kelly under arrest.

51. At all times relevant herein, Defendants did, with actual malice, compose and swear out false criminal complaints against Mr. Kelly and instituted criminal proceedings against him. There was intent to do harm without justification in that even after learning about the inappropriate nature of the criminal proceeding, which were wrongfully continued against Mr. Kelly. The use of process was in a manner to obtain a collateral objective detailed *infra* in Mr. Kelly' claim for *Monell* Liability.1

52. As a result of the foregoing, Mr. Kelly was deprived of his liberty, suffered specific psychological and emotional injuries and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

a. Compensatory damages in the amount of $12,000,000;

b. Punitive damages against individual Defendants;

---

1 "A claim to recover damages for abuse of process cannot be based on the mere commencement of an action by summons and complaint, without unlawful interference with person or property" (Island Fed. Credit Union v. Smith, 60 A.D.3d 730, 875 N.Y.S.2d 198). All three elements must be established in order to have a cause of action for abuse of process (see id.; see also Mago v. Singh, 47 A.D.3d 772, 851 N.Y.S.2d 593 [a counterclaim failed because it failed to allege "any actual misuse of the process to obtain an end outside its proper scope"] ). In order for a party to bring a claim for abuse of process, three elements must be met: (1) there must be "regularly issued process, either civil or criminal;" (2) there must be "an intent to do harm without excuse or justification;" and (3) there is a "use of the process in a perverted manner to obtain a collateral objective" (Curiano v. Suozzi, 63 N.Y.2d 113, 480 N.Y.S.2d 466, 469 N.E.2d 1324).

c. Injunctive relief requiring the City of New York to implement policies to ensure constitutional compliance at Rikers Island;

d. Declaratory relief stating that Defendants violated Plaintiff's constitutional rights;

e. Attorneys' fees, costs, and expenses pursuant to 42 U.S.C. § 1988;

f. Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues and counts in the Complaint herein.

Dated: Brooklyn, New York

January 7, 2025

BY: _____

EZRA B. GLASER, Esq.
EZRA B. GLASER AND ASSOCIATES
Attorneys for the Plaintiff
TYREFE KELLY
3021 Fort Hamilton Parkway, (#1R)
Brooklyn, New York 11218
(212) 385-9300