USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/2/2025

THE CITY OF NEW YORK

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, N.Y. 10007

**MARY JANE ANDERSON**
*Assistant Corporation Counsel*
Phone: (212) 356-2415
Fax: (212) 356-3509
maanders@law.nyc.gov

MEMO ENDORSED

April 1, 2025

VIA ECF

Honorable Colleen McMahon
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

*Extension granted. Conference
adjourned to 5/1/2025 at
10:45 am.*

Re:    Tyrefe Kelly v. City of New York, et al.,
25 Civ. 0152

*Colleen McMahon*
*4/2/2025*

Your Honor:

I am an Assistant Corporation Counsel in the Office of the Corporation Counsel and the attorney representing defendants the City of New York, the New York City Department of Correction, and the New York City Police Department ("Defendants") in this matter.[1] Defendants write, with plaintiff's consent, to respectfully request an extension of time to answer or otherwise respond to the Complaint from April 14, 2025, until thirty days after plaintiff provides an executed HIPAA release. The parties jointly respectfully request that the Court adjourn the initial conference presently scheduled for April 3, 2025. This is the second request for an extension of time to answer and the first request that the Court adjourn the initial conference.

By way of background, on January 7, 2025, plaintiff filed the Complaint alleging, *inter alia*, that he was subjected to a multi-day assault by other inmates from January 7, 2022, to January 13, 2022, at Rikers Island and sustained severe permanent injuries as a result. (Id.)

On February 13, 2025, the Court granted defendants' request for an extension of time to answer or otherwise respond to the Complaint from February 13, 2025 until April 14, 2025. This extension was requested, in part, because defendants required an executed HIPAA-compliant

---

[1] Defendants respectfully note that DOC and NYPD are non-suable entities. See Ortiz v. Ardolino, 19-CV-0069 (ILG) (ST), 2021 U.S. Dist. LEXIS 97387, at *4 (E.D.N.Y. May 21, 2021) (holding that "it is well-settled that the NYPD, its 75th Precinct, and the DOC are not suable entities.") (internal citations omitted).

Case 1:25-cv-00152-CM    Document 16    Filed 04/01/25    Page 2 of 2

authorization for the release of plaintiff's medical records given his allegations of a multi-day assault that caused severe and permanent injuries. We subsequently requested an executed HIPAA-complaint release from plaintiff's counsel but as of the date of this letter, we have not received one. However, plaintiff's counsel has represented that one will be provided to this Office by the end of the day today.

In view of the foregoing, defendants respectfully request an extension of time to answer or otherwise respond to the Complaint from April 14, 2025 until thirty days after an executed release is provided to this Office.

Additionally, in the event the Court grants the instant request, the parties jointly request a corresponding adjournment of the initial conference from April 4, 2025 until a date after defendants' file their answer or response to the complaint that is convenient to the Court.

Defendants thank the Court for its time and consideration herein.

Respectfully submitted.

*Mary Jane Anderson*    /s/

Mary Jane Anderson
*Assistant Corporation Counsel*
Special Federal Litigation Division

cc:    *Ezra B. Glaser, Esq.* **(via ECF)**